ISLER v. BROCK.

(Filed March 22, 1904).

1. TRUSTS—*Judgments—Orders—Notice.*

> The judgment set out in this case was final and would not permit *ex parte* orders as to the expenditure of the principal of the trust fund.

2. TRUSTS—*Commissions—Interest.*

> The trustee in this case was properly chargeable with interest on the trust funds in his hands.

ACTION by S. W. Isler against O. Brock and others, heard by *Judge R. B. Peebles,* at September Term, 1903, of the Superior Court of WAYNE County. From a judgment for the defendants the plaintiff appealed.

*Battle & Mordecai,* for the plaintiff.
*Stevens, Beasley* and *Weeks,* for the defendants.

MONTGOMERY, J. This action was brought by the plaintiff for an account and settlement between himself as trustee and the defendants, *cestuis que trust,* for a division of the personal property and proceeds of sale of real property belonging to the *cestuis que trust* and for a sale of certain land also belonging to them. At September Term, 1895, of Wayne Superior Court, in a regularly constituted action, wherein Everett Joyner, Jr., and the defendants in this action were plaintiffs, and A. U. Kornegay, executor of W. F. Kornegay, and others were defendants, the plaintiff was substituted as trustee in place of James F. Kornegay, the latter having been appointed trustee under the will of Everett Joyner, deceased. Under that decree the plaintiff received from James F. Kornegay, former trustee, the sum

of $3,960. At November Term, 1901, of said Court it
appeared in the present action that a long and complicated
account would have to be taken, and it was by consent of
the parties ordered that F. R. Cooper be appointed referee
to find the facts and make his conclusions of law under The
Code, and the plaintiff was directed to proceed with the sale
of the land described in the complaint. The referee heard
the matters in dispute and made a report of his findings of
fact and conclusions of law to the September Term, 1903,
of the Superior Court. Exceptions were filed by both
parties to the report of the referee. A judgment was ren-
dered at September Term, 1903, from which the plaintiff
appealed.

The principal contention on the part of the plaintiff is
that he should have been allowed certain credits, which were
admittedly encroachments on the trust fund, on the grounds,
first, that the terms of the decree of the Court under which
he was made trustee gave him the right to encroach upon
the principal fund; and, second, because he was empowered
specially by the Superior Court of Wayne County at various
terms to expend part of the principal fund. In the third
item of the will of Everett Joyner, the testator said:

"I give, devise and bequeath all the balance of my estate,
real, personal, mixed, or in action, to my friend James F.
Kornegay, in trust to receive the rents, profits and interest
thereof, and to pay in his discretion such parts thereof to
my son Everett and his children as he may think proper
during the life of said Everett, and after the death of said
Everett to hold the same for the use of such children as
said Everett may have and to the issue of such as may be
dead, such issue to represent the parent and to take such
share as the parent would if living." Kornegay, as we
have seen, acted for a while as trustee, but afterwards, as
we have seen, the plaintiff was substituted in his place as

trustee, and in the decree of the Court in which the substi-
tution was made, the nature of the trust under the will of
Everett Joyner was set forth.    In that judgment the Court
said: "It is further adjudged  that S. W. Isler  is  hereby
appointed trustee in place of James F. Kornegay and W. F.
Kornegay, under the will of Everett Joyner, Sr., and that
the title to said land and money is hereby vested in said
S. W. Isler in as full and ample a manner as the same was
vested in James F. Kornegay by said will, and he is hereby
directed and empowered to lend the money which shall come
into his hands upon first mortgage security upon land as he
shall have opportunity, and to pay such interest as he may
obtain upon the same, together with the rents from said
real estate, to the plaintiff Everett Joyner, Jr., son of said
Everett, Sr., during his life, and after the death of the
said Everett, Jr., to hold the balance in trust for such child
or children as said Everett, Jr., may leave and to the issue
of such as may be dead, such issue to represent the parent
and to take such share as the parent would if living; and
said trustee is authorized to deposit any funds which may
come into his hands in the Bank of Wayne, of Goldsboro,
N. C., while in the judgment of said trustee the said bank
is a safe place of deposit, until such time as he shall be able
to lend the same upon satisfactory mortgage  security  as
herein directed, or until the Court shall appoint some other
trustee."

   It will be seen from the plain language of the judgment
of September Term, 1895, that the plaintiff as trustee
could only disburse to the *cestuis que trust* the interest aris-
ing from a loan of the money on hand and the rents and
profits of the real estate.    It is true that orders were made
in the Superior Court of Wayne County, at several terms
thereof, either authorizing the expenditure by the plaintiff
of such amounts as were encroachments upon the principal

fund or approving such expenditures after they had been made. Those orders, however, were made on the *ex parte* application of the plaintiff and without notice to the defendants.

Counsel of the plaintiff contend that no notice to the defendants was necessary, for the reason that the judgment of September Term, 1895, was of such a nature as to keep the action open for further orders in reference to the administration of the trust. That is a mistaken view of the character of the judgment. It was not interlocutory, but final. In the judgment in the present action the plaintiff was held liable for the principal fund which he received, to-wit, $3,960, and from that amount he was allowed to deduct five per cent. commissions for his services. Upon the balance, to-wit, $3,762, the plaintiff was charged with interest from June 14, 1891, the date of the death of the life-tenant Everett Joyner, Jr., less five per cent. commissions on the interest up to the date of the judgment, September Term, 1903.

Three thousand three hundred dollars was to be credited on the judgment by reason of that amount having been paid into the Clerk's office by the plaintiff on September 14, 1903. The judgment further provided that that amount, $3,300, should bear interest from September 14, 1903.

The plaintiff excepted also to that part of the judgment on the ground that in the decree of September, 1895, in which he was made trustee, he was held liable for only such interest as he might obtain or that might come into his hands. We are not called upon to decide what that language in the decree means. But under the will of Everett Joyner, deceased, and also under the decree of September, 1895, the money and the property in the hands of the trustee were to be paid to those in remainder at the death of the life-tenant, and it was certainly proper that in the judg-

ment it should be required that the trustee pay interest on whatever sums he may have in his hands from the time of the death of the life-tenant—he not having shown to the referee or to the Court that he was not able to lend the money out at interest or that he kept it separate and apart from his own funds. The judgment embraced also the amount for which the real estate had been sold by the plaintiff, and the manner of distribution of the money and also of the proceeds of the sale of the land amongst the defendants, to which there was no exception.

After a careful consideration of the record we find that there is no error in the judgment and the same is

Affirmed.