WACHOVIA BANK & TRUST COMPANY, TRUSTEE, v. STEELE'S MILLS, A
  CORPORATION; J. W. McKENZIE, W. F. SUMMERS, J. C. McKENZIE,
  O. D. BLAND, I. B. PITTMAN, F. M. MORRIS, AND J. PICKETT LEAK,
  A STOCKHOLDER OF STEELE'S MILLS WHO IS SUED IN BEHALF OF HIM-
  SELF AND IN BEHALF OF ALL OTHER STOCKHOLDERS OF SAID CORPORATION, AND
  H. C. DIGGS, AN EMPLOYEE OF STEELE'S MILLS WHO IS SUED IN
  BEHALF OF HIMSELF AND ALL OTHER EMPLOYEES OF SAID CORPORATION.

(Filed 6 June, 1945.)

TRUST CO. *v.* STEELE'S MILLS.

## 1. Corporations § 17: Trusts §§ 1a, 8a—

For the purpose of promoting loyalty and good will between itself and its employees, by providing financial assistance in emergencies to certain of its employees and their dependents, thereby relieving suffering and helping such employees when they are unable to help themselves, a corporation, employing about 500 operators in an isolated village, may transfer such funds, as may be reasonably necessary to carry out this purpose, to a trust foundation to be administered by a corporate trust company and a committee of employees, and the expenditure of such corporate funds is an ordinary and necessary expense of the corporation.

## 2. Trusts §§ 1a, 8a—

While the beneficiaries in a trust, created by a corporation for its employees, are not ordinarily so limited as they are here, the instrument under consideration gives a committee of employees authority to make loans to employees, who are financially unable to cope with an emergency caused by illness or accident, and to invest a limited amount of the trust funds in such loans and, where the employee is unable, in the opinion of the committee, to repay the loan, the committee may remit the obligation and cancel the debt; and while the trustee is not liable for losses on loans to employees, it is the duty of the trustee to require the custodian, of the notes representing loans and of the trust funds, to make reports and give an accounting from time to time, in order that the limitations set forth in the trust agreement on all classes of loans, as well as on other benefits, may be observed. The instrument is not, therefore, too vague and indefinite and is valid and enforceable.

## 3. Trusts § 8b—

The judgment entered below goes beyond the terms of .the trust in so far as it instructs the trustee that the primary purpose of the trust is to improve the labor conditions of the grantor by providing for the general welfare of the employees of the corporation, and that the funds of the trust may be used for any emergency giving rise to financial need, even though the need is not caused by sickness or accident.

## 4. Same—

A trust agreement has the status of a contract, and the right to amend this trust has been reserved to the grantor and has not been delegated to the court.

## 5. Trusts § 8a—

The primary rule in the construction of trusts is that the court must, if possible, ascertain and effectuate the intention of the creator, unless forbidden by law.

## 6. Same—

Where a trust is created for a specific purpose and is so limited that it is not repugnant to the rule against perpetuities, and is in other respects legal, the trust may be dealt with only to carry out the appointed purpose.

DEVIN. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff and defendant J. Pickett Leak, from *Phillips, J.,* at February Term, 1945, of MECKLENBURG.

An action to test the validity and to construe the terms of a Trust Agreement, as hereinafter set forth.

Steele's Mills, a corporation organized and existing under the laws of North Carolina, called the Grantor, executed a Trust Agreement, 30 December, 1941, naming the Wachovia Bank & Trust Company, Trustee, and certain employees of Steele's Mills as a Committee, and set forth in the Agreement the respective duties of the Trustee and the Committee.

The pertinent parts of the Trust Agreement are as follows:

1. "WITNESSETH: That Whereas, the Grantor has enjoyed the loyal and satisfactory support of its employees for many years, and desires to further and strengthen the same by establishing a foundation to be called the 'Steele's Mills Foundation,' to which there shall be transferred properties and funds which may be used for their benefit and the benefit of their dependents in case of illness or emergency, thereby relieving suffering and helping them when they are unable to help themselves; and

"Whereas, the Grantor realizes that the establishment of the Foundation will materially aid the Grantor in the furtherance and strengthening of the loyalty and good will of its employees and in the improvement of labor conditions which the Grantor considers essential to the satisfactory operation of its business," . . .

2. *"Beneficiaries.* (1) Only employees (and members of their immediate families who are entirely dependent upon them for support), who have been employed by the Grantor for at least one continuous year immediately preceding their request for help, shall be eligible for the benefits provided hereunder.

"(2) Employees who leave the employ of the Grantor shall forfeit any rights they may have to the benefits hereunder, and they cannot be reinstated until they shall have returned and completed at least one continuous year of employment by the Grantor.

"(3) No one shall be eligible to receive the benefits provided hereunder unless he or she, or the person upon whom he or she is solely dependent, is financially unable to cope with an emergency caused by illness or accident. It is intended that no employee shall take a selfish advantage of the Foundation by trying to obtain help from the Foundation when he or she is able financially to provide for himself or herself.

"(4) No one shall receive any benefits hereunder unless and until his or her application or request shall have received the approval in writing of the majority of the Committee hereinabove named or their successors. The decision of the Committee on each application or request for help shall be final, and if any applicant appeals therefrom and/or attempts

to compel the Committee to render assistance, such applicant shall there-
upon forfeit his or her right to any and all benefits provided hereunder.

"(5) If the benefits extended to the employee are in the nature of a
loan which he or she fails to repay as agreed upon, he or she shall forfeit
all rights to further benefits unless it is decided by the majority of the
Committee that said employee is utterly unable to repay the sum ad-
vanced, in which event the Committee may convert the loan into a
donation if they deem it advisable.

"(6) No loan to an employee shall exceed $100 and the Committee
shall require security for the loan whenever it is available. Interest at
the rate of 6% per annum shall be charged on said loans.

"(7) No loans shall be made to any employees for the use of them-
selves or their dependents if the illness or accident causing the emer-
gency resulted from the violation of any of the criminal laws, or from
intoxication.

"(8) Expenditures of the trust fund, including costs of administra-
tion, shall not exceed in any one year, the income for that year plus 5%
of the original principal except, under extraordinary conditions such as
epidemics, as to which the Committee shall be the sole judge, additional
sums may be expended with the written approval of the Grantor. At
no time shall loans to employees exceed 20% of the original trust funds.

"(9) No expenditure of the trust funds, except for expenses of admin-
istration, may be made within one year of the date of this agreement
unless during said year the Grantor is compelled to operate its business
on a short time basis, thereby causing an emergency with which its
employees may not be able to cope, as to all of which the Committee
shall be the sole judge.

"(10) Any and all expenses which may be incurred in connection
with the establishment of the Steele's Mills Foundation, its administra-
tion, taxes, or otherwise, shall be paid out of the trust fund."

3. *"Termination of Trust.* The trust hereby created shall continue
for a period of twenty years from the date of this agreement, but the
Grantor may sooner terminate it by giving written notice thereof to the
Committee and the Trustee. Upon the termination of the trust all
funds and properties then in the hands of the Trustee shall be dis-
tributed to such of the employees of the Grantor as the aforesaid Com-
mittee shall determine to be most deserving, based upon their faithful
and loyal services to the Grantor and the amount of their salaries or
wages rather than their financial needs at the time. No employee shall
share in the distribution of the trust funds unless he or she shall have
had at least five years continuous service with the Grantor immediately
preceding the termination of the trust. Under no circumstances shall

any of the funds or properties held under this agreement inure directly or indirectly to the Grantor or be used in its behalf.

"The Grantor reserves the right at any time and from time to time to change or amend any of the provisions herein contained except that the Grantor hereby renounces the right to change or modify the primary purpose of the Steele's Mill Foundation or this trust and the Grantor further renounces any and all right to revest in itself, its successors or assigns, any of the funds or properties at any time constituting the trust estate created by this agreement."

4. At the time of the execution of the above Agreement, the Steele's Mills delivered to the Trustee, cash and securities in the sum of $28,610, and during the year 1942 the sum of $25,000.00.

5. The Government of the United States, in computing the income and excess profits taxes of Steele's Mills, for the year 1941, disallowed the deductions claimed for payments to the Steele's Mills Foundation, and assessed a deficiency tax against the Corporation in the sum of $22,257.27; whereupon, on 10 December, 1943, the Grantor amended the original Agreement creating Steele's Mills Foundation, and provided in substance that if payments to the Steele's Mills Foundation were not deductible as an ordinary and necessary expense of the corporation, and therefore exempt from State and Federal income taxes, the trust fund should be liable for said taxes and any expenses incurred in contesting the payment thereof.

Jury trial was waived and by written stipulation his Honor was authorized to hear the evidence, find the facts and enter a declaratory judgment on the questions raised by the pleadings. Judgment was entered holding that the Trust Agreement was not too indefinite and vague, either as to beneficiaries or as to the purposes to which the funds may be devoted, to enable the court to enforce the same, but that on the contrary, the said Agreement is valid and enforceable; and that funds turned over to the Trustee under the said Trust Agreement were expended for the ordinary and necessary expenses of the business of the corporation, and for a proper corporate purpose.

Among other things, the judgment also contained the following: "The plaintiff trustee is advised and instructed that the primary purpose of Steele's Mills Foundation is to improve the labor conditions of Steele's Mills by providing for the general welfare of the employees of said corporation, and by providing financial assistance to individual employees in times of emergency; that the specific means for accomplishing said primary purpose set out in the trust agreement are not exclusive, especially in view of the right of amendment therein reserved. The plaintiff trustee is advised and instructed, and it is hereby declared as between all the parties to this action, that under the terms of the trust

instrument, without amendment, funds of the Foundation may be used with the approval of the majority of the Committee referred to in the agreement, not only for making loans to employees within the limits therein specified, but also for making outright gifts which are not subject to said limitation, and for providing financial assistance through furnishing medical aid or other material benefits; and that these things may be done not only in cases of emergency caused by sickness or accident, but in case of any emergency giving rise to, or accompanied by, or caused by, financial need; and that the grantor has the right at any time to so amend the trust instrument as to make said funds available upon the exercise of a proper judgment and decision, either by the trustee or by the committee, for any purpose which promotes the general welfare of the employees of Steele's Mills and their dependents."

From the judgment entered, the plaintiff and the defendant, J. Pickett Leak, a stockholder of Steele's Mills, appealed to the Supreme Court, assigning error.

*James A. Bell and Neal Y. Pharr for plaintiff, appellant.*
*Plummer Stewart for defendant, appellant, J. Pickett Leak.*
*John M. Robinson and Hunter M. Jones for defendants.*

DENNY, J. This appeal presents three questions for determination.

1. Did the corporation, Steele's Mills, have the right to make payment to the Steele's Mills Foundation (a trust) as a part of the ordinary and necessary expense of carrying on its business?

2. Is the trust instrument itself too vague and indefinite to be effective?

3. Does the judgment below properly construe said trust instrument and give to the Trustee correct instructions as to the administration and final distribution of the trust funds?

The village of Steele's Mills is somewhat isolated from other populous communities and constitutes a separate and distinct community of its own. The corporation employs about 500 operators and they, together with their families, constitute a village of approximately 1,500 people.

The primary purpose for creating this trust was to promote loyalty and good will between the Steele's Mills and its employees by providing financial assistance to certain of its employees and their dependents in emergencies. Ordinarily the beneficiaries in such a trust are not so limited as they are in the instrument under consideration. However, the Grantor fixed the terms of the Trust Agreement, limited the beneficiaries and prescribed the procedure for obtaining the benefits thereunder.

Who are the primary beneficiaries under this trust? It is stated in the Trust Agreement that the properties and funds transferred to the Steele's Mills Foundation may be used for the benefit of the employees of Steele's Mills and the benefit of their dependents "in case of illness or emergency, thereby relieving suffering and helping them when they are unable to help themselves." And further that "No one shall be eligible to receive the benefits provided hereunder unless he or she, or the person upon whom he or she is solely dependent, is financially unable to cope with an emergency caused by illness or accident." We think such funds as may be reasonably necessary to carry out this purpose, may be transferred by the Grantor to the Steele's Mills Foundation and that the expenditure of such corporate funds is an ordinary and necessary expense of the corporation. *Corning Glass Works v. Lucas,* 68 A. L. R., 736, 37 F. (2d), 798; *American Rolling Mill Co. v. Com'r of Internal Revenue,* 41 F. (2d), 314; *Forbes Lithograph Mfg. Co. v. White,* 42 F. (2d), 287; *Commissioner v. Heininger,* 320 U. S., 457, 88 L. Ed., 197; *Poinset Mills,* 1 B. T. A., 6; *Elm City Cotton Mills,* 5 B. T. A., 309; *Elgin National Watch Co.,* 17 B. T. A., 339.

In *American Rolling Mill Co. v. Com'r of Internal Revenue, supra,* it is said: "It is accepted as true in the industrial world that strikes and shifting labor conditions impair efficiency of production, and that contentment and well-being add to the skill and productivity of workmen. Acting upon that principle, the large industries of the country almost without exception have engaged in mutual interest work in one form or another with their employees, with the view of contributing to their comfort and pleasures, encouraging them to purchase homes, and giving them such interest in the community as to make them an asset of the business. Such work has been considered by the courts as a corporate function having a substantial relation to the progress and success of the industry. Thus it has been held that expenditures for hospitals, dispensaries, medical services, schools, libraries, churches, and recreational centers are all necessary and proper expenditures in aid of corporate purposes."

The authority given to the Committee in the Trust Agreement to make loans to employees of the Steele's Mills is incidental. Investment of a limited part of the trust funds in loans to employees of Steele's Mills, under certain conditions, is authorized by the Trust Agreement. And, if in the opinion of the Committee the employee is unable to repay the loan, the Committee has the authority to remit the obligation and cancel the note.

The designated agent who disburses the proceeds from these loans, holds the notes executed by the employees of Steele's Mills, and collects the principal and interest thereon, is a fiduciary and accountable to the

Trustee for all funds that may come into his hands in such capacity. *Hatcher v. Williams, ante,* 112, 33 S. E. (2d), 617. While the Trustee is not liable for losses sustained in making loans to employees of Steele's Mills, under the terms of the Trust Agreement, nevertheless it is the duty of the Trustee to require the custodian of the aforesaid notes and trust funds, to make reports and to give an accounting from time to time, in order that the limitations set forth in the Trust Agreement on this class of loans, as well as on other benefits, may be observed.

We think his Honor properly held the Trust Agreement valid and enforceable.

In considering the third question presented, it will be noted that the Court below, in giving the Trustee instructions as to the administration and final distribution of the trust funds, advised and instructed the Trustee "that the primary purpose of Steele's Mills Foundation is to improve the labor conditions of Steele's Mills by providing for the general welfare of the employees of said corporation, and by providing financial assistance to individual employees in times of emergency; that the specific means for accomplishing said primary purpose set out in the Trust Agreement are not exclusive, especially in view of the right of amendment therein reserved." And further, that the benefits are available, "not only in cases of emergency caused by sickness or accident, but in case of any emergency giving rise to, or accompanied by, or caused by, financial need." We think the judgment entered below goes beyond the terms of the Trust Agreement in so far as it instructs the Trustee that the primary purpose of the trust is to improve the labor conditions of Steele's Mills by providing for the general welfare of the employees of such corporation, and the funds of the Trust may be used for any emergency giving rise to financial need, even though the need is not caused by sickness or accident.

It is true that the Grantor has reserved the right at any time, and from time to time, to change or amend any of the provisions contained in the Trust Agreement provided such change or amendment shall not "change or modify the primary purpose" for which the trust was created. But, thus far it has not seen fit to amend the Trust Agreement so as to authorize the Trustee and the Committee to expend any part of the trust funds for the general welfare of its employees, other than in the manner set forth in said instrument. This agreement has the status of a contract, and the right to amend it is reserved to the Grantor and has not been delegated to the Court. "The primary rule in the construction of trusts is that the Court must, if possible, ascertain and effectuate the intention of the creator, unless forbidden by law." 65 C. J., sec. 241, p. 497, and it is also stated in sec. 264, p. 514: "Where a trust is created for a specific purpose and is so limited that it is not repugnant to the rule

against perpetuities, and is in other respects legal, the trust may be dealt with only to carry out the appointed purpose." It is the duty of the Court, therefore, to interpret and construe the Trust Agreement as written.

The instructions given to the Trustee in the declaratory judgment entered below will be modified as pointed out herein. This modification will necessitate a further finding as to whether or not the funds transferred to the Steele's Mills Foundation are reasonably necessary to meet the expenditures authorized under the Trust Agreement, including expenses incident to its administration. It is disclosed in the evidence adduced in the hearing below that the Steele's Mills Foundation is but carrying out an established policy of the Steele's Mills of many years standing. Therefore, it should not be difficult to ascertain the amount reasonably necessary to meet the requirements of this trust.

This cause will be remanded for further proceedings in accordance with this opinion.

Error and remanded.

DEVIN, J., took no part in the consideration or decision of this case.