J. W. CALLAHAM, TRUSTEE v. BERT S. NEWSOM. ·

(Filed 4 November, 1959.)

**1. Trusts § 10—**

The courts will construe a trust agreement to ascertain the intent of the parties from the language used in the agreement, the purposes sought to be accomplished, and the situation of the several parties to or benefited by the trust, and will give effect to such intent unless forbidden by law.

**2. Trusts § 15—**

The delegation of power to a trustee to withhold and accumulate the income from the trust property necessarily implies the power and duty to invest such accumulations.

**3. Trusts § 20a—    Trust held to empower trustee to sell for reinvestment after death of trustor.**

The trust agreement in suit authorized the trustee to sell and reinvest the trust property, and directed him to pay the income therefrom to the trustor during his life, and further directed that at the trustor's death the corpus of the trust should be divided into thirteen parts for specified beneficiaries, with power in the trustee to pay to the beneficiaries their respective shares of the income or, in the trustee's discretion, to withhold and accumulate the income. *Held:* The power of the trustee was enlarged upon the death of the trustor, and power to sell for reinvestment was not terminated by the death of the trustor but continued for the purpose of managing the trust property to the advantage of the ultimate beneficiaries, and the trustee had power · to sell the corpus of the estate for reinvestment.

**4. Same—**

Where the trust conveys the entire capital stock of a corporation to

a trustee with power to sell the corpus of the estate for reinvestment, the power to sell for reinvestment is not terminated by the dissolution of the corporation and the transfer to the trustee of the legal title to the real estate to the trustee as a liquidated dividend for the stock.

HIGGINS, J., not sitting.

APPEAL by defendant from *Clarkson, J.,* June 1, 1959 Schedule "A" Term, of MECKLENBURG.

This is an action to recover damages resulting from an asserted wrongful refusal to purchase and pay for a lot in the City of Charlotte.

The parties waived jury trial. The court found Carl K. Callaham, on 4 August 1952, transferred to and deposited with plaintiff fifty shares of Lilly White Farms, Inc., for the following uses and purposes:

"1. The Trustee shall hold and own said shares of stock with full power and authority to sell the same and to reinvest the proceeds and, in general, to hold and manage said shares and/or the proceeds that may be received upon the sale or transfer of the same by him, free and clear of any claims or demands on the part of the Grantor, who, by this instrument, does hereby part with any interest in or claim of ownership of said shares or the proceeds of any sale or transfer thereof, except as hereinafter expressly set forth.

"2. The Trustee shall collect and receive any dividends paid on said shares and collect and receive any income or profits from the reinvestment of the proceeds in the event of a sale or transfer of said shares, and, after paying the expenses incident to the administration of this trust, including his reasonable commissions for acting as Trustee, he shall disburse said dividends, income, or profit as follows:

"(a) During the lifetime of the Grantor, the Trustee shall pay the net income from the corpus of this trust over to the Grantor at such reasonable periods of time as may be found practicable.

"(b) After the death of the Grantor, the Trustee shall divide the corpus of this trust estate into 13 parts, whatever may then be the nature and character of the property or properties then comprising said estate, and he shall hold and administer each part as a separate trust for the use and benefit of each of the following:

"One part for Martha Joan Sessions, daughter of Kate Callaham, two parts for Martha Jane Callaham, daughter of J. W. Callaham, one part for J. W. Lewis, III, and one part for Tweetie Ann Lewis, children of Nell Callaham Lewis; one part for Al Scott and one part for Ronnie Scott, sons of Emma Callaham Scott; one part for

Kaye Kelley and one part for Karren Kelley, daughters of Helen Callaham Kelley; one part for Michael Callaham and one part for Vickie Amanda Callaham, children of C. K. Callaham, Jr.; one part for J. M. Callaham, Jr., son of J. M. Callaham, Sr.; and one part for J. M. Callaham, Sr.

"(c) The Trustee shall expend the income from each part for the beneficiary entitled to receive the same, or he may pay over the income direct to such beneficiary as may then be legally qualified to receive the income from his or her part or parts, or he may allow the income to which any one or more of said beneficiaries may be entitled to accumulate for such period of time as he may deem advisable, the manner of expending the income of any part or of paying it over to the beneficiary thereof being left to the sole judgment and discretion of the Trustee.

"3. The Trustee shall pay the corpus of each part to the beneficiary of said part as designated in Paragraph 2(b) above at such time after such beneficiary shall have reached 21 years of age as the Trustee, in his sole discretion may determine; provided, however, that the trusts hereby created shall, in any event, terminate when the youngest beneficiary named in paragraph 2(b) shall have reached the age of 21, and the corpus of any of the parts that may remain in the hands of the Trustee shall then be paid over to those entitled thereto; and in the event any beneficiary shall die before receiving the corpus of his or her part or parts the heir or heirs at law of such beneficiary shall stand in the place and stead of the deceased beneficiary and be entitled to receive the corpus of such part or parts."

Carl K. Callaham died 5 September 1953.

Plaintiff was the sole stockholder in Lilly White Farms, Inc., and the fifty shares held by him was the total of the issued and outstanding stock. It owned the lot which plaintiff contracted to convey and defendant to purchase.

In February 1954 Lilly White Farms, Inc. was dissolved and all of its assets, consisting of three tracts of land, one the lot here in question, were, as a liquidating dividend, conveyed to J. W. Callaham as trustee for the persons named as ultimate beneficiaries of the trust.

The contract to purchase dated 17 April 1958 provided: "It is agreed that the Seller shall furnish good marketable title to said property and Purchaser shall have ten days in which to investigate same, unless an extension shall be agreed upon. In the event the title is objected to, the Seller shall be furnished with a written statement

of all objections and be allowed a reasonable time hereafter in which to furnish a valid title."

The parties agreed on a time and place to consumate the sale. At the time and place fixed plaintiff tendered defendant a deed executed by him as trustee for each of the named beneficiaries. The deed contained the usual covenants of warranty and was in proper form.

Defendant refused to accept the deed and pay the purchase price.

Judge Clarkson concluded: ". . . the plaintiff had ample power and authority to convey as trustee under the aforesaid trust instrument the fee in said premises and to vest in the purchaser a good and marketable title thereto."

Defendant excepted to this conclusion and the judgment based thereon and appealed.

*Brock Barkley for plaintiff, appellee.*
*Sedberry, Sanders & Walker for defendant, appellant.*

RODMAN, J.  The trust agreement expressly authorizes the trustee to sell the stock constituting the trust estate and reinvest the proceeds. There is no question of implied power. The only question presented is the duration of the power expressly given. Did the power to sell and reinvest terminate upon the death of Carl K. Callaham, the grantor, or does the power continue as long as the trustee has duties to perform?

When called upon to interpret a trust agreement or other contract, courts seek to ascertain the intent of the parties and, when ascertained, give effect thereto, unless forbidden by law. *In re Will of Stimpson,* 248 N.C. 262, 103 S.E. 2d 352; *DeBruhl v. Highway Com.* 245 N.C. 139, 95 S.E. 2d 553; *Hall v. Wardwell,* 228 N.C. 562, 46 S.E. 2d 556; *Trust Co. v. Steele's Mills,* 225 N.C. 302, 34 S.E. 2d 425.

The intent of one who creates a trust is to be determined by the language he chooses to convey his thoughts, the purpose he seeks to accomplish, and the situation of the several parties to or benefited by the trust. *Electric Co. v. Insurance Co.,* 229 N.C. 518, 50 S.E. 2d 295.

Here the trust agreement demonstrates a desire on the part of the grantor to provide financial aid upon his death to designated persons, some at least of whom are minors. The income from the trust property went to the grantor during his life. Upon grantor's death the corpus of the estate is to be divided into thirteen parts, eleven parts for the benefit of eleven designated beneficiaries and two parts for another named beneficiary, the daughter of the person selected to act as trustee.

The trust estate consists of the entire capital stock of a corporation whose only assets were three lots in the City of Charlotte. The nature and extent of the improvements on the several lots is not disclosed. The lot which defendant purchased had been used for residential purposes. The trust agreement manifests an intent to use the corpus to produce income for the beneficiaries. Appellant concedes the trustee had the right to sell and manage in such manner as to efficiently produce income during grantor's life.

The moment grantor died the power and responsibility of the trustee became enormously enlarged. He was invested with broad discretionary powers with respect to the distribution of income and corpus. He had the right to select the purpose for which the income could be expended for any beneficiary, or he could make payment directly to a beneficiary, or he could entirely withhold payments of income. The only limitation on his power was the requirement to distribute the trust estate not later than the day when the youngest beneficiary named became 21. The power to withhold and accumulate necessarily implied the power and duty to invest such accumulations. He could not needlessly let them lie idle. *Isler v. Brock*, 134 N.C. 428, 90 C.J.S. 505; 45 Am. Jur. 294.

It is apparent from the trust agreement the grantor imposed confidence in the business acumen and integrity of the trustee. It is not to be supposed that having expressly invested the trustee with authority to manage, sell, and reinvest the entire trust estate that the grantor intended to limit such authority to grantor's life, and at the same time impose by implication a duty to invest income which he had the power to withhold.

The dissolution of the corporation and transfer of legal title to the real estate as a liquidating dividend for the stock did not exhaust the power of the trustee to sell, manage, and reinvest. 90 C.J.S. 426. Defendant, in refusing to comply with his contract to purchase, made no suggestion that plaintiff was not acting in good faith and for the best interest of the estate. He did not furnish plaintiff with a statement of his objections to the title as required by his contract. He merely refused to comply. His assignment of error challenging plaintiff's authority is not sustained.

Affirmed.

HIGGINS, J., not sitting.