PEOPLES BANK & TRUST COMPANY, EXECUTOR AND TRUSTEE UNDER THE WILL OF NINA P. BATTS, DECEASED v. ROSE ANN SHEARIN, W. M. BATTS, JAMES W. KEEL, JR., GUARDIAN AD LITEM FOR THE UNBORN ISSUE OF ROSE ANN SHEARIN, LILLIAN FAGALA, MARYANN NADER AND AGNES NAJAM

No. 757SC489

(Filed 5 November 1975)

**Trusts § 5— husband as beneficiary — consideration of husband's income and separate estate before disbursing funds**

Where a trust provided for the needs, protection, and support of testatrix' husband, but in doing so the trustee was directed to be "guided by practical considerations such as whether my husband is still working, his health and other factors," the clear implication was that the husband's income was to be considered in accomplishing the trust purpose, but there was no implication that the "considerations" extended to his separate estate.

APPEAL by defendant, James W. Keel, Jr., Guardian Ad Litem for the Unborn Children of Rose Ann Shearin, from *Small, Judge.* Judgment entered 17 March 1975, Superior Court, NASH County. Heard in the Court of Appeals 24 September 1975.

The controversy in this case centers around trust provisions of the will of Nina Batts, who died in 1973. Plaintiff qualified as executor and trustee. Plaintiff seeks a declaratory judgment as to its fiduciary duties under Article Eight of the Will which states:

"The Trustee is authorized and directed to use both principal and income as may be needed for the benefit of my husband during his lifetime, and this includes luxuries as well as necessities. The Trustee shall be guided in the administration of the trust by practical considerations such as whether my husband is still working, his health and other factors. I wish him properly protected and supported, and I request the Trustee to inform itself as to his needs and to make provision for them whether or not he so requests, with specific authority to pay bills for his support, medical bills or expense of nursing home."

Plaintiff specifically requests advice as to whether in providing trust benefits to W. M. Batts, husband of testatrix, it

should consider the extent and availability of Batts' own separate property.

The will also stated that the remainder of the trust should go to Rose Ann Shearin, Mrs. Batts' daughter, or if she be dead, then to her issue, or if no issue, then in equal shares to three other named beneficiaries.

A guardian ad litem was appointed for the unborn contingent beneficiaries, and an answer was filed on their behalf. A judgment was entered which concluded that although the testatrix did not intend all of her husband's assets to be exhausted, she did intend that his income be expended before he received trust benefits. From this judgment, the guardian ad litem appealed.

*Spruill, Trotter & Lane by F. P. Spruill, Jr., for plaintiff appellee.*

*George Paul Duffy, Jr., for defendant appellant, James W. Keel, Jr., Guardian Ad Litem for the Unborn Issue of Rose Ann Shearin.*

CLARK, Judge.

The defendant groups his assignments of error under one broad question for consideration on appeal: Did the trial court err in holding that the testatrix intended that the trustee under the will involved should not consider the separate assets but only the income of the lifetime beneficiary before making disbursements to him?

Decisions are consistent in holding that the intention of the settlor must govern this type of will interpretation. *Bank v. Broyhill*, 263 N.C. 189, 139 S.E. 2d 214 (1964); *Callaham v. Newsom*, 251 N.C. 146, 110 S.E. 2d 802 (1959). Defendant asserts that the instrument implies that the testatrix wanted the beneficiary to be provided for if he could not provide for himself. The first rule of construction that he proposes is that a trustee is required to consider the beneficiary's other means unless an affirmative contrary intention is revealed by the will. The second rule of construction advanced is that the word "necessary" implies a necessity to carry out the purpose of the trust regardless of the beneficiary's other means while the word "needs" implies that only the beneficiary's actual needs are to

be provided for by the trust, if the beneficiary cannot provide them for himself. Annot., 2 A.L.R. 2d 1383 (1948).

The trial judge relied on language in the will itself to garner the testatrix's intention. Specifically, the instruction that the trustee be guided "by practical considerations such as whether my husband is still working" indicated an intent that Mr. Batts' income be used for his support before trust assets were invaded.

*Kuykendall v. Proctor,* 270 N.C. 510, 519, 155 S.E. 2d 293, 301 (1967), quotes Scott on Trusts, 2d Ed., § 128.4, as follows:

> " 'It is a question of interpretation whether the beneficiary is entitled to support out of the fund even though he has other resources. Where the trustee is directed to pay to the beneficiary or to apply for him so much as is necessary for his maintenance and support, the inference is that the settlor intended that he should receive his support from the trust estate, even though he might have other resources.' "

In *Kuykendall,* the trust indenture provided that the trustee was to use the rents and profits "or so much thereof as may be necessary" to keep the beneficiary in comfort. The court held this language was mandatory, was a limit only upon the amount required to accomplish the purpose of the trust, and did not mean that no funds were to be used for this purpose so long as the beneficiary had other properties.

*Sub judice,* the trust provides for needs, protection and support of the beneficiary, but in doing so the trustee was directed to be "guided by practical considerations such as whether my husband is still working, his health and other factors." The clear implication in this language is that the husband's income was to be considered in accomplishing the trust purpose, but there is no implication that the "considerations" extended to his separate estate. In our opinion the trial judge accurately interpreted the pertinent trust provisions of the will.

Affirmed.

Judges BRITT and PARKER concur.