ULYSSES S. WESCOTT v. THE FIRST & CITIZENS NATIONAL BANK OF ELIZABETH CITY, LEE DILL ROBBINS, a MINOR, ELNORA D. ROBBINS, a MINOR (HOWARD S. WHALEY, THEIR GUARDIAN AD LITEM), AND ROBERT C. LOWRY, ADMINISTRATOR OF ULYSSES C. ROBBINS.

(Filed 11 December, 1946.)

**1. Wills § 15—**

The right to dispose of property by will is conferred and regulated by statute, and therefore letters written by a member of the armed forces

WESCOTT v. BANK.

which are not offered or proven in the manner or form prescribed by the statutes, G. S., 31-3, G. S., 31-26, are ineffectual as a testamentary disposition of property.

**2. Trusts § 3a—**

Letters disclosing the intent of a depositor that bank deposits made by him should be held for his use and benefit and that he should have exclusive control over the funds, though expressing a desire that in the event of his death the fund should go to a named "beneficiary," are insufficient to establish an express trust, there being no evidence of intention to transfer or assign a present beneficial interest in the funds deposited.

**3. Gifts §§ 1, 4—**

Letters disclosing the intent of a depositor that bank deposits made by him should be held for his use and benefit and that he should have exclusive control over the funds, though expressing a desire that in the event of the depositor's death the fund should go to a named "beneficiary," are insufficient to show either a gift *inter vivos* or a gift *causa mortis*.

**4. Executors and Administrators § 8—**

Where, in an action to determine ownership of funds deposited by a deceased member of the armed forces, letters written by him are introduced in evidence disclosing his intention to retain sole control over the funds deposited by him for his own use and benefit but expressing the desire that in the event of his death the funds should go to a named "beneficiary," but the letters are not proven as a will, *held* the letters are ineffectual as a testamentary disposition of the funds, and are insufficient to establish an express trust or show a gift *inter vivos* or *causa mortis*, and his administrator is entitled to the funds, there being no facts which would give rise to an inference of a family settlement.

**5. Executors and Administrators § 29—**

In an action by a claimant of funds deposited by a deceased soldier, against the bank, the soldier's administrator and his minor next of kin, judgment that counsel fees for defendants should be paid from the funds is without error.

APPEAL by plaintiff and defendants from *Thompson, J.,* in Chambers, 11 September, 1946. From PASQUOTANK.

This was an action to have plaintiff declared entitled to a fund deposited in defendant Bank by Ulysses C. Robbins, a soldier, now deceased.

The administrator of the deceased and his next of kin, represented by guardian *ad litem,* as well as the Bank, were made parties defendant. The defendant Bank filed answer alleging that it was a mere stakeholder, but questioning the right of the plaintiff to the fund as against the administrator and the next of kin who are minors. Answers on the part of the other defendants were filed admitting the allegations of the complaint. No issues of fact were raised requiring the intervention of a jury (Session Laws 1945, chapter 142).

Judgment was rendered for plaintiff, but certain allowances from the fund were made, to which plaintiff excepted. Plaintiff and defendants appealed.

*Robt. B. Lowry and Geo. J. Spence for plaintiff, appellee, Ulysses S. Wescott.*

*Wilson & Wilson for defendant Bank.*

*W. C. Morse, Jr., for defendant Robert C. Lowry, Administrator.*

*Forrest V. Dunstan for Howard S. Whaley, Guardian ad Litem.*

### DEFENDANTS' APPEAL.

DEVIN, J. The question presented by the defendants' appeal is whether the facts found by the trial judge, which were unquestioned, were sufficient to constitute an express trust in favor of the plaintiff with respect to the deposits made in defendant Bank by the deceased soldier.

Ulysses C. Robbins was a sergeant in the United States Army serving in 1945 in Italy in a Quartermaster Truck Company. During this time deposits were made by him and accepted by the Bank pursuant to instructions contained in a typewritten letter from Robbins to the Bank, dated Italy, 15 January, 1945, in which letter Robbins stated he had heretofore sent to his grandfather, the plaintiff Wescott, residing in Elizabeth City, sums of money to be deposited "in one of the banks in the city, for me." Robbins further wrote the Bank: "I wish to establish an account with your Bank. . . . Please deposit the money that I will send regularly to this account. I would like to make this an "in trust for" account so I am the only person who can withdraw from it. In case I become deceased I would like to make an agreement with you so as to make my beneficiary my grandfather, whose name and address is stated above, eligible to receive the money only after I have been deceased for five years." The deposits were credited on the books of the Bank in name of "Sgt. Ulysses C. Robbins, Quartermaster Truck Co." The deposits to the last date, 9 June, 1945, totaled $6,900.

The record further shows that 24 February, 1945, plaintiff Wescott deposited in savings account in defendant Bank $800, which had been sent by Robbins to the plaintiff to be deposited. This was placed by the Bank to the credit of "Ulysses C. Robbins, deceased, by Ulysses S. Wescott, Agt."

On 22 January, 1945, Robbins wrote to plaintiff from Italy as follows: "I sent some money to the bank awhile back for my bank account. I didn't know whether I already had it in my name or yours, however I started it in my name. I made an agreement if something should happen to me my money would not be payable to my beneficiary until

five (5) years after the war.  I plan to use this money for my business after the war and why the five years is anything could happen.  I could be reported dead and then not be dead.  I have a good partner for my business and some day I hope you will meet him.  I want to go back to school after the war and study business and law.  I am planning on letting the Government send me there and if nothing happens I intend to go to N. Y. U. New York University.  Of course this is just my future dreams and I guess every soldier has them."

The Adjutant General of U. S. Army reported to the plaintiff that Ulysses C. Robbins was killed in Italy 19 June, 1945, as result of injuries incurred while driving a government vehicle.  The death of Ulysses C. Robbins was a fact admitted by all parties, and so found by the court.  Upon the death of Robbins the fund became immediately available either for the plaintiff or for the defendant administrator for distribution to the next of kin.

Neither of the letters of Robbins was offered or proven in the manner and form prescribed by the statutes so as to constitute a valid disposition of the property to take effect after his death, and therefore may not be regarded as affording basis for awarding the fund to the plaintiff on that ground.  G. S., 31-3; G. S., 31-26.  The right to dispose of property by will is conferred and regulated by statute.  *Paul v. Davenport,* 217 N. C., 154, 7 S. E. (2d), 232; *In re Perry,* 193 N. C., 397, 137 S. E., 145.

Nor may these letters be held to create a trust in favor of the plaintiff enforceable in a court of equity.  An express trust has been defined as "a fiduciary relationship with respect to property, subjecting the person by whom the property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it."  1 Restatement Law of Trusts, 6.  The term signifies the relationship resulting from the equitable ownership of property in one person entitling him to certain duties on the part of another person holding the legal title.  54 Am. Jur., 21.  To constitute this relationship there must be a transfer of the title by the donor or settler for the benefit of another.  *Coon v. Stanley,* 230 Mo. App., 524.  The gift must be executed rather than executory upon a contingency.  *Cazallis v. Ingraham,* 119 Me., 240.

Here the essentials of an express trust are lacking.  There was no evidence of a transfer or assignment of a present beneficial interest in the fund deposited in the defendant Bank.  There was only evidence of a desire that in the event of the depositor's death the grandfather should be the beneficiary.  That was the only sense in which the words "beneficiary" or "in trust for" were used, and these were coupled with express directions to the Bank that the depositor should remain the sole owner of the deposits, and that they were intended for his own use and benefit.

He declared that only in the event of his own death should the plaintiff become "eligible" to receive this money. The Bank so understood, and placed the deposits to the credit of Ulysses C. Robbins. The letters of Robbins evidence a desire only to secure for his own use the money he was sending back from overseas, and do not seem to contain definite expression of purpose or intention thereby to make a testamentary disposition of the fund. No present beneficial interest was conveyed. *Coon v. Stanley, supra.*

Nor is the evidence sufficient to show a gift *inter vivos* or *causa mortis. Buffaloe v. Barnes,* 226 N. C., 313, 39 S. E. (2d), 599. Nor are there here any facts which would give rise to the inference of a family settlement justifying the disposition of the fund to the plaintiff. *Reynolds v. Reynolds,* 208 N. C., 578, 182 S. E., 341. The fund should be turned over to the defendant administrator of Ulysses C. Robbins for disposition according to law.

On defendants' appeal the judgment is reversed.

## PLAINTIFF'S APPEAL.

The facts found by the court below were sufficient to justify the allowance made in the judgment, to be paid from the fund, to the counsel for defendant Bank and to the counsel for the administrator and guardian *ad litem.* The court directed that the appeal be perfected for the determination of the legal questions involved.

On plaintiff's appeal the judgment is
Affirmed.