## St. Paul Mercury Insurance Company v. Nationwide Mutual Insurance Company, Tilden Elkins, Troy Leon Elkins and William R. Elkins.

June 10, 1968.

Record No. 6721.

Present, All the Justices.

*Andrew P. Miller (Penn, Stuart & Miller*, on brief), for plaintiff in error.

*William J. Sturgill; Leslie M. Mullins (Greear, Bowen, Mullins, Sturgill & Roberson*, on brief), for defendants in error.

Eggleston, C.J., delivered the opinion of the court.

St. Paul Mercury Insurance Company filed in the court below a motion for a declaratory judgment against Nationwide Mutual In-

surance Company, Tilden Elkins, Troy Leon Elkins and William R. Elkins to determine the liability, if any, of the two insurance companies for damages for injuries sustained by William R. Elkins in an automobile accident. The motion alleged that on or about May 29, 1965 William R. Elkins, a passenger in a car driven by Troy Leon Elkins, was injured and had subsequently filed a suit for damages against Troy; that at the time of the accident St. Paul had in effect a policy of automobile liability insurance in which William R. Elkins was the named insured and which contained a provision insuring him for bodily injuries caused by an uninsured motorist; and that at the same time Nationwide had in effect a policy of automobile liability insurance in which Tilden Elkins was the named insured and Troy Leon Elkins was also an insured.

The motion further alleged that Troy had notified Nationwide of the suit which William R. Elkins had instituted against him but that Nationwide had declined to defend that suit; that pursuant to the statute William R. Elkins had served on the plaintiff St. Paul a notice of his claim for coverage against Troy under the uninsured motorist provision of its policy; and that since the policy issued by Nationwide afforded coverage to Troy, the latter was not an uninsured motorist within the terms of the policy issued by the plaintiff St. Paul to William R. Elkins. Accordingly, the plaintiff St. Paul moved for a judgment declaring that Troy Leon Elkins "is an insured" under the terms of the policy issued by Nationwide, that the latter is under the duty to defend the suit which William R. Elkins had instituted against Troy and to pay any judgment which might be rendered therein against Troy within the limits of the policy, and that the plaintiff St. Paul is under no duty to make any payment to William R. Elkins.

Nationwide filed an answer and grounds of defense denying that Troy Leon Elkins was insured under the policy which it had issued to Tilden Elkins. The individual defendants, Tilden Elkins, Troy Leon Elkins and William R. Elkins, filed no responsive pleadings.

A jury was impaneled to try the issues presented by the pleadings. The policies issued by the respective companies were put in evidence and oral evidence on behalf of the parties was adduced. At the conclusion of all of the evidence the plaintiff St. Paul moved for a summary judgment by default against the individual defendants who had filed no responsive pleadings and for a nonsuit as to the defendant Nationwide. These motions were overruled. On motion of Nation-

wide the trial court struck the evidence of the plaintiff St. Paul and entered summary judgment in favor of the defendants, the effect of which was to say that Troy Leon Elkins was not an insured covered by the policy issued by Nationwide to Tilden Elkins and that St. Paul was liable to William R. Elkins under the uninsured motorist endorsement in the policy which it had issued to him.

On appeal St. Paul attacks the correctness of these rulings and the entry of this judgment.

The facts are not in dispute. On May 29, 1965 a car driven by Troy Leon Elkins was involved in an accident in which William R. Elkins, a passenger, was injured. At that time Troy was on leave from his post in the United States Army into which he had been inducted on January 13, 1963. At the time of his induction into the military service Troy was living with his parents near Clintwood in Dickenson county. On April 23, 1965, while he was in the service, his parents were separated and on October 4 of that year his mother was granted a decree of divorce on the ground of the father's desertion. At the time of the accident his parents were living apart. Troy was discharged from the service on January 13, 1966 and thereafter made his home with his mother until he was married on May 3, 1966.

On February 21, 1966, after Troy's discharge, William R. Elkins filed suit against him. On March 8 Troy delivered the suit papers to an agent for Nationwide which was the first notice that that insurance company had of the accident. Troy's excuse for the delay in reporting the accident to the company was, "I had forgotten about it until I got the suit papers" and "[b]esides not knowing there was any insurance to cover it." Indeed, he said, on March 8 an adjuster for St. Paul had suggested that he should inquire as to whether there might be a policy covering him with respect to the accident. This led to information of the prior issuance of Nationwide's policy to Troy's father.

Troy further testified that while he was in the military service he purchased from a dealer in New Providence, Tennessee, the automobile which he was driving at the time of the accident. He also testified that while he paid the entire price for the car, because he anticipated that he would shortly be sent to Vietnam, he had the title registered in Tennessee in the name of a military companion, Darrell Schlup, and that within the next day or two he had the title transferred to John Belfiore, another companion. At the time of the acci-

dent the car was titled in the name of Belfiore with whose permission Troy was driving it. Troy said that his agreement with Belfiore was that the latter would pay him $200 for the car "if he wanted to" but that if he did not want to complete the purchase he could give the car to his (Troy's) mother.

At the time of the accident Nationwide had in effect a "Family Automobile Policy" which it had issued to Tilden Elkins as the named insured. The policy contains a provision insuring the named insured from liability for personal injuries sustained by any person "arising out of the ownership, maintenance or use" of two specified automobiles "or any non-owned automobile." It includes within the "Persons Insured" with respect to a non-owned automobile "any relative, but only with respect to a private passenger automobile or trailer," provided its actual operation is with the permission of the owner. It defines "relative" as a "relative of the Named Insured who is a resident of the same household."

One of the stated "Conditions" of the policy is that in the event of an accident written notice containing particulars sufficient to identify the insured and the names and addresses of the injured shall be given by or for the insured to the company or any of its authorized agents "as soon as practicable."

St. Paul first contends that the trial court erred in overruling its motion for a summary judgment as to the individual defendants, Tilden Elkins, Troy Leon Elkins and William R. Elkins, who filed no responsive pleadings to the motion for declaratory judgment. The argument is that by their failure to file responsive pleadings the individual defendants admitted the facts showing that Troy was covered by Nationwide's policy, that hence he was not an uninsured motorist, and that this relieved St. Paul of its obligation to William R. Elkins under the uninsured motorist provision in its policy.

We do not agree with this contention. While the failure of the individual defendants to appear and answer constituted an admission on their part of all material facts pleaded in the plaintiff's motion, it did not admit St. Paul's legal conclusion that Troy Leon Elkins was afforded coverage under Nationwide's policy or that St. Paul was not liable to William R. Elkins under the uninsured motorist endorsement in the policy which it had issued to the latter. Despite the default of these individual defendants, the trial court was required to consider the admitted facts and the provisions of the two policies and determine the liability, if any, of the respective insurance com-

panies thereunder. This the court proceeded to do and entered judgment accordingly. See 22 Am. Jur. 2d, Declaratory Judgments § 94, p. 959; *Hall* v. *Hartley*, 146 W. Va. 328, 119 S. E. 2d 759, 762 (1961).

Error was also assigned to the refusal of the trial court to permit St. Paul to take a nonsuit as to Nationwide. But the motion for a nonsuit was conditioned upon the court's sustaining St. Paul's motion for a default judgment against the individual defendants. The motion was, "At this time I would like to move the court for judgment by default against the three individual defendants. *If this motion is granted by the court*, then I would further move the court that plaintiff be allowed to take a nonsuit as to the defendant Nationwide Mutual Insurance Company." (Emphasis added.)

Since the trial court did not grant the motion for a default judgment, upon which the motion for a nonsuit was conditioned, this assignment is not pressed on appeal. In its brief St. Paul says: "The plaintiff did not and does not request a nonsuit as to that defendant [Nationwide] if its motion for summary judgment is denied."

The main contention of St. Paul is that the trial court erred in holding that Troy Leon Elkins was not covered by the policy which Nationwide had issued to his father, Tilden Elkins. Nationwide based its claim of lack of coverage on the ground, among others, that Troy was not the named insured in the policy nor was he at the time of the accident "a resident of the same household" of the named insured, his father. We agree with this position.

In *State Farm Mut. Automobile Ins. Co.* v. *Smith*, 206 Va. 280, 285, 142 S. E. 2d 562, 565, 566 (1965), we adopted one of the recognized definitions of the word "household," as used in such insuring provisions, as meaning "a collection of persons as a single group, with one head, living together, a unit of permanent and domestic character, under one roof." See also, 41 C. J. S. Household, p. 367. The evidence in the present case fails to show that at the time of the accident Tilden Elkins, the named insured, was maintaining such a household and that Troy was a resident thereof. On the contrary, the undisputed evidence is that at that time Troy's parents were separated and the former household had been broken up by the father's desertion. Moreover, in his testimony, Troy repeatedly speaks of his living "at home with my mother" after the separation, which refutes the claim that he was at that time a member of his father's household.

Accordingly, the failure of the evidence to show that Nationwide's

policy issued to Tilden Elkins afforded coverage to Troy for liability for the injuries to William R. Elkins fully warranted the action of the trial court in striking the evidence adduced on behalf of St. Paul.

This conclusion makes it unnecessary that we consider the other reasons advanced by Nationwide for the position that its policy did not cover Troy Leon Elkins with respect to this accident.

The judgment is

*Affirmed.*