JESSIE BAXTER, ELLEN B. BEAM, MADELINE B. MINCEY, G. BLAINE BAXTER, F. HERMAN BAXTER AND BLANCHE B. DUVAL v. EFFIE LEAH MURRELL JONES, JOE MURRELL, RILEY MURRELL, MRS. JOE WALTER, MRS. CLIFFORD WOODLEY, MRS. GEORGE SCHENOLAL, MRS. WALLY ARROWSMITH, MRS. GEORGE REITER, MRS. LEONA MOWATT, MRS. DENNIS BOKTIN, MRS. MARY BOYD PEARSON, PAUL B. COSTNER AND WIFE, SALLIE A. COSTNER, MILDRED C. CARDWELL, RUTH C. DODENHOFF, DURWARD W. COSTNER, AND WIFE, MARJORIE COSTNER, MRS. MARY DELMA B. SEAGLE, ROSA BLACKBURN McDONALD AND HUSBAND, GENE McDONALD, ESSIE PARKS BLACKBURN, MARY L. BLACKBURN GARDNER AND HUSBAND, WILLIAM GARDNER, REV. L. E. BLACKBURN, FRED J. BLACKBURN, SR., AND WIFE, SARA WILFONG BLACKBURN, SAMUEL W. BLACKBURN, EMILY BLACKBURN DAVIDSON, CHARLES E. BLACKBURN, MRS. BLANCHE BLACKBURN PRINCE, HUGH WOODROW BLACKBURN, CHESTER BLACKBURN, SHUFORD W. BLACKBURN AND WIFE, OVETA WHITE BLACKBURN, MRS. PHOEBE BLACKBURN WILFONG, DOCIA LEDFORD BOYD, S. J. BOYD AND WIFE, PEARL BOYD, INA B. MIXON AND HUSBAND, M. O. MIXON, JOHN F. BOYD AND WIFE, KATHERINE BOYD, MARY B. HOYLE AND HUSBAND, GUY L. HOYLE, W. G. BOYD AND WIFE, MAE BOYD, BESSIE B. SCHRUM AND HUSBAND, E. E. SCHRUM, BEVERLY B. BOYD AND WIFE, OLA BOYD, ETHEL BOYD, W. EUGENE BOYD, JAMES EDWARD BOYD AND WIFE, NINA BOYD, EARL B. BOYD AND WIFE, PATRICIA BOYD, BEVERLY RICHARD BOYD AND WIFE, BETTY BOYD, RALPH AUGUSTUS BOYD AND WIFE, GLORIA BOYD, ANNIE BOYD STARNES, RUTH BOYD BARKLEY AND HUSBAND, ERNEST FRANKLIN BARKLEY, MARY BOYD SIMMONS AND HUSBAND, W. D. SIMMONS, ETHEL BOYD CREEL AND HUSBAND, ROBERT CREEL, JOHN R. BOYD, RALPH BOYD AND WIFE, HELEN BOYD, MARY A. CROWDER AND HUSBAND, R. B. CROWDER, EDITH A. TOMPSON AND HUSBAND, A. A. TOMPSON, THELMA A. OWENS AND HUSBAND, W. J. OWENS, MOZELLE A. WHITE AND HUSBAND, DONALD E. WHITE, MARIDELL B. BANDY AND HUSBAND, ROBERT B. BANDY, CAROLYN B. CARTER, WOODROW BOYD AND WIFE, DOROTHY BOYD, C. C. BOYD AND WIFE, CORRINE BOYD, PEARL B. THORNTON, MAE B. RITCHIE AND HUSBAND, GUY RITCHIE, D. R. BOYD AND WIFE, ILA T. BOYD, IDA B. RUDISILL AND HUSBAND, JASON RUDISILL, ROBERT W. BOYD AND WIFE, JOYCE J. BOYD, IVA S. BOYD, JOE BOYD, HUBERT BOYD, EDWARD BOYD, J. BEN MORROW, ADMINISTRATOR DE BONIS NON OF THE ESTATE OF PEARL BOYD BAXTER, DECEASED, AND ALL UNKNOWN HEIRS OF PEARL BOYD BAXTER, DECEASED, WHOSE NAMES AND RESIDENCES ARE UNKNOWN

No. 7227SC38

(Filed 24 May 1972)

**1. Trusts § 1— express trust — transfer of title**

In order to create an express trust, there must be a transfer of title to property by the donor or settlor for the benefit of another.

**Baxter v. Jones**

**2. Trusts § 1— creation of trust**

　　The essentials for creation of a valid trust are (1) sufficient words to raise it, (2) a definite subject, and (3) an ascertained object.

**3. Trusts § 1— insufficiency of instrument to create trust**

　　Paperwriting signed by decedent was insufficient to create a trust for the management of decedent's property during her lifetime or for delivery of any part thereof to her step-children after her death, where there was no present and unequivocal transfer of property to trustees by decedent, and it appears that decedent intended to make a testamentary disposition of her property but failed to comply with statutory requirements for the execution of a valid will.

**4. Wills § 1— failure to execute will properly — voidness**

　　An instrument which is testamentary in effect but fails to follow the prescribed formalities for the proper execution of a will is void.

**5. Rules of Civil Procedure § 56— summary judgment — conditional ruling**

　　The trial court had no authority to provide in its judgment denying plaintiffs' motion for summary judgment that the court would enter summary judgment in favor of plaintiffs if it were decided on appeal that the instrument in question created a trust as contended by plaintiffs.

**6. Trusts § 5— purported trust — answering and nonanswering defendants**

　　An instrument cannot be a trust instrument against the defendants who filed answer and not a trust instrument against those defendants who filed no answer.

**7. Judgments § 14; Declaratory Judgment Act § 2; Rules of Civil Procedure § 55— declaratory judgment — failure to file answer — default judgment**

　　In this action for a declaratory judgment construing a purported trust instrument, failure of some of the defendants to file an answer to the complaint or to answer interrogatories did not entitle plaintiffs to a judgment against such defendants based on plaintiffs' conclusions and contentions as to the construction of the instrument, since the rights of the parties must be determined by a proper construction of the instrument; consequently, where the court correctly determined that the instrument was insufficient to create a trust in favor of plaintiffs as against those heirs at law of decedent who filed answer, the court erred in ruling that plaintiffs are entitled to recover by default the intestate shares which would otherwise have been received by decedent's heirs at law who failed to answer.

APPEAL by plaintiffs and defendants from *Thornburg, Judge,* 13 September 1971 Session of Superior Court held in Gaston County.

This action was instituted 8 September 1970 under the Declaratory Judgment Act, North Carolina General Statutes,

Article 26, Chapter 1, for the purpose of having a paperwriting construed and the rights of the various parties determined thereunder. On appeal to this court, it was stipulated by the plaintiffs and the attorneys of record for the answering defendants that the plaintiffs are the step-children of one Pearl S. Baxter, deceased (Mrs. Baxter) ; that the defendants are all of the heirs-at-law of Mrs. Baxter; that Mrs. Baxter was predeceased by her husband (father of the plaintiffs) and never had given birth to any children, nor had she ever legally adopted the plaintiffs; and that the said Mrs. Baxter died intestate 29 January 1969, "and owned property, both real and personal" in Gaston County at the time of her death. It was further stipulated that the paperwriting, attached to the complaint as "Exhibit A" (hereinafter referred to as Exhibit A) and dated 22 December 1968, was dictated to Jessie Baxter, one of the plaintiffs, and signed by the decedent and that none of the parties contend that this instrument is of sufficient solemnity to entitle it to be considered as a last will and testament. This paperwriting reads as follows:

"December 22, 1968

Jessie,

I thought you would never get here. I have been waiting for you to come and help me with some things I want to write. I have done a great deal of thinking in the last three years and I have found that I had to depend upon others and you girls have always come to my rescue when I needed something done. It has long been my intention to write in detail what I want done. I asked you to bring me some paper to use which you did but before I got it done I realized I was too weak to do that much writing. I have just been waiting for you to come and help me with what I want to say.

The first thing I want done before I forget is for you to send a check to the chuch secretary for my tithe before the end of the year. Then I want you to write Aunt Effie in Texas, Elsie C. Murrell in Maryland, Cousin Jewel in Canada and tell them just how sick I am. I think it time to tell them my condition. I can't and don't want to live much longer. Don't worry if none of you are here when it comes (the time comes), you children have been good to me

Baxter v. Jones

and it might just come when I am asleep. That's all right. It won't make any difference. You children were good to me when I was living.

There are maybe some people who won't like what I am going to say but you will just have to let them holler and not give in. You children all have been good to me and I am thankful for you. Maurice, Mark, Susan, Tim and Pat are all sweet and good children. I am sorry I couldn't get them something for Christmas but I hope they will understand. It will be so much more expensive to educate them than when I went to school. I wanted to help some.

I have worried about not getting the house cleaned before I had to go to the hospital. I know you and Ellen, Madeline and Blanche will understand that I wasn't able to do more. I don't want ANYONE ELSE to go inside. PROMISE ME THIS. Maybe Madeline and Red might like to live in the house. Jessie, you might like to live in the little one if it is near enough to someone so you wouldn't be afraid. (asked if I'd like it—I told her I'd like whatever she wanted done.) As I have told you before I want you and Ellen to take care of all business matters for me— now and later—personal property—houses and money, etc. I know you will take care of all bills, funeral expenses and obligations and then I want you children—Jessie, Ellen, Blaine, Madeline, Herman and Blanche to have what is left. Remainder part of money came from Aunt Bertha's estate—Dad's business bonds. I have prayed and thought about things a lot the last three years while I had plenty of time to think, and I have seen who has stood by me and done things for me and I have changed my mind about a lot of things during that time. You children already have some plans for my funeral that I still want carried out. You have some and Ellen and Madeline have some. I want Caruthers to have charge and I would like a casket about like the one we had for your Daddy. There are some pins I want used. I hope you can find them.

Church Life Membership                    December 22, 1968
NRTA pin                                  Sunday
Woodmen of World Pin
off white—V necked dress

Fully clothed—pants, hose, slips
Dark pin
Brown—(illegible)

Thessalonians
Romans
John 14-1:4
    Teacher—(3)
    Ada Harvey
    Greenville, S. C.

Jessie & Ellen in charge of everything for me and all things
—money—property, etc., later for all the children.

Presidential Chair (Rocker)—Madeline B. Mincey
Large Secretary Living Room—Madeline B. Mincey
Bedroom suit—Madeline B. Mincey
Mother's walnut bed—Jessie Baxter
Sewing machine—Jessie Baxter
Dining Room Table—Jessie Baxter
Refrigerator-TV-all music things—Jessie Baxter unless
    Blanche needs refrigerator
Dryer—TO ONE needing it or—Jessie Baxter
Mother's small tin trunk to—Mintie Mae Boyd Ritchie
Pink Trunk—Black ones—Jessie Baxter
Large Book Case?—Jessie Baxter
Furs—Blanche (hall)—Jessie authorized to sign checks.

Pearl told me that she wanted me to write down some
THINGS she wanted CERTAIN people to have. The above
list is what she asked me to write down.—She also expressed
a desire for me to write her will (pages 1 and 2). She said
she had changed her mind about what she had said at one
time she wanted. All you children have stood by me and
looked after me. My own cousins haven't like I thought they
would. My church friends haven't been as faithful as I
had thought they would be. You all are the ones I love.

Pearl B. Baxter
Amelia Brimer
(for signature verification)

Suggested that some things be given to Salvation
Army (we must take them out of house)—That fund be
given to care for Cemetery at St. Matthews—You people

go once in a while but don't feel have to go too often. You've always taken me or gone for 1st Sunday in September. Maybe someone can go then.

*Remember to see about marker at grave."

In their complaint, plaintiffs alleged that by virtue of the terms of the foregoing writing, plaintiffs Jessie Baxter and Ellen Baxter Beam were "the duly constituted trustees by appointment of Pearl Boyd Baxter in her lifetime" and that they and the other plaintiffs were "the sole *cestuis que trustent* thereunder and are entitled to have all of the estate and property of the decedent remaining, after payment of debts and other items named in said instrument, distributed to them and that the title to all realty owned by the decedent at the time of her death, is owned by the plaintiffs in equal shares." Among other things, the plaintiffs demanded judgment declaring Jessie Baxter and Ellen B. Beam trustees by virtue of the instrument and declaring them and the other plaintiffs to be the sole *"cestuis que trustent"* under the instrument.

The record discloses that there are ninety-nine named defendants to this action. On 14 December 1970, two of these defendants, S. J. Boyd and Pearl Boyd, filed answer admitting all allegations of plaintiffs' complaint (except that there was any basis for any bona fide dispute between the parties) and prayed "that the Court enter a judgment awarding all of the property and estate of Pearl Boyd Baxter, deceased, to the plaintiffs in this action." Further, on 15 September 1971, these two defendants "stipulated" that the court might enter "summary judgment," with prejudice, against them in favor of the plaintiffs and wrote a letter filed 16 September 1971 (addressee unspecified) stating that, should defendants prevail in the present action, they wanted "what we would get to go to the Baxter girls." Plaintiffs filed what they entitled, "Motion for Summary Judgment" against these two defendants, S. J. Boyd and Pearl Boyd, on 16 September 1971; whereupon Judge Thornburg granted what purported to be a summary judgment in favor of plaintiffs as to these two defendants.

On 10 September 1971, plaintiffs filed a "Motion under Rule 37(d)" and a "Motion for Default Judgment" seeking to obtain "default judgments" against a number of the named defendants who allegedly had failed to answer the plaintiffs'

complaint or had failed to properly answer plaintiffs' interrogatories. On 17 September 1971, the Assistant Clerk of Superior Court made what purported to be an "Entry of Default" under the provisions of Rule 55(a) (filed 20 September 1971) against sixty-seven of the defendants, being those alleged not to have filed answer or other pleadings. As to these sixty-seven defendants, Judge Thornburg, in a judgment dated 17 September 1971 and filed 23 September 1971, entered a "Judgment" by default against them.

In addition, there was entered an "Order and Judgment," dated 17 September 1971 and filed 23 September 1971, in which Judge Thornburg found as a fact on a hearing "upon Motion of plaintiffs pursuant to Rule 37(d) of the North Carolina Rules of Civil Procedure . . . and upon Motion of the answering defendants for Summary Judgment or Judgment on the Pleadings under Rule 56, NCRCP, and Rule 12(b)(6), NCRCP," that the paperwriting marked plaintiffs' "Exhibit A" was not a valid last will and testament and concluded as a matter of law that it was not a trust agreement. The pertinent portions of this "Order and Judgment" are as follows:

"4. That judgment by default has been entered against a number of defendants who did not file answer or other pleading, as will appear of record, to which record reference is hereby made.

5. That S. J. Boyd and his wife, Pearl Boyd, filed Answer admitting the allegations of the Complaint, and summary judgment with prejudice has been entered in favor of the plaintiffs and against said defendants.

\*          \*          \*

8. That no persons, other than those individuals named as parties plaintiff and parties defendant in this action, have any right, title or interest in and to any of the property and estate of Pearl Boyd Baxter, deceased.

\*          \*          \*

13. That the paper writing marked 'Exhibit A' and attached to the Complaint is not a valid Last Will and Testament of the said Pearl Boyd Baxter for the reason that the same was not executed in accordance with the laws of North Carolina, and none of the parties contend that the

same is of sufficient solemnity to entitle it to be considered as a Last Will and Testament.

14. At the time of her death, the said Pearl Boyd Baxter had not executed a valid Last Will and Testament and therefore died intestate.

15. That J. Ben Morrow, an attorney at law in Gastonia, North Carolina, is the duly qualified and acting Administrator d.b.n. of the estate of the late Pearl Boyd Baxter, said Morrow having been appointed by the Clerk of Superior Court at the suggestion of and by and with the consent of the parties plaintiff and defendant and with the consent of their attorneys of record.

\*     \*     \*

17. That the defendants constitute all of the heirs at law of the late Pearl Boyd Baxter under the laws of descent and distribution in effect in the State of North Carolina at the time of her death, and at the time of the hearing of this matter in the Court.

18. That the Court is of the opinion that the question of the intent of the deceased, Pearl Boyd Baxter, at the time of the execution of the paper writing marked 'Exhibit A' and attached to the Complaint is immaterial and of no consequences, in view of the fact that the Court is of the opinion that the said paper writing is not sufficient on its face to constitute a trust instrument under the laws of the State of North Carolina.

19. That on the 10th day of September, 1971, the plaintiffs filed a Motion for summary judgment, pursuant to Rule 37(d), North Carolina Rules of Civil Procedure (Chapter 1A-1, General Statutes of North Carolina), as against the defendants named in Paragraph 11 above; that the Court is of the opinion that the matters presented by said motion should not be determined at this time, due to the fact that the Court does not construe said paper writing to be a trust instrument; but that if the ruling of this Court is reversed on appeal, then the Court is of the opinion that the motion for summary judgment lodged by the plaintiffs should be allowed, and this Court will grant said motion at that time.

Baxter v. Jones

Upon the foregoing findings of fact, the Court makes the following conclusions of law:

1. That the paper writing marked 'EXHIBIT A' and attached to the Complaint of the plaintiffs is not a trust instrument creating a trust as to the property and estate of the deceased, Pearl Boyd Baxter, and making the plaintiffs, Jessie Baxter and Ellen Baxter Beam, trustees.

2. That the defendants who have not defaulted by failure to plead do own a right, title and interest in and to the personalty and realty of Pearl Boyd Baxter, deceased, to the extent provided for each of them under the laws of descent and distribution in effect at the time of her death on January 29, 1969.

3. That the answering defendants are entitled to have and receive that portion of the estate and property of Pearl Boyd Baxter, deceased, as provided in the laws of descent and distribution of North Carolina in effect on January 29, 1969.

4. That the plaintiffs are entitled to have and recover that portion of the estate and property of Pearl Boyd Baxter, deceased, in equal shares, not awarded to those defendants against whom summary judgment has been entered and signed and those defendants against whom default judgment has been entered and signed because of their failure to answer the Complaint or otherwise file pleadings herein.

5. That pursuant to Chapter 6, General Statutes of North Carolina, the costs of this action, including attorneys' fees for attorneys for plaintiffs and defendants, are taxed against the estate of Pearl Boyd Baxter, deceased. That said attorneys' fees shall not be assessed at this time, but shall be fixed by this Court upon the conclusion of appeals herein.

Now, therefore, IT IS ORDERED, ADJUDGED AND DECREED as follows:

(a) That the Motion for Summary Judgment filed by the plaintiffs on September 10, 1971, as to the answering defendants, under Rule 37(d), NCRCP, is denied at this time. If, however, the ruling of this Court as to the validity

of 'Exhibit A' attached to the Complaint as a trust instrument is reversed on appeal, then the said Motion of the plaintiffs is allowed and judgment to that effect will be entered at the conclusion of said appeals.

(b) That the paper writing marked 'EXHIBIT A' and attached to the Complaint is neither the last will and testament of said Pearl Boyd Baxter, deceased, nor a trust instrument creating a trust as to the property and estate of Pearl Boyd Baxter, deceased, during her lifetime. That Jessie Baxter and Ellen Baxter Beam are not trustees of the estate and property of said decedent. That said writing did not vest title to the personalty and realty of the deceased in said persons as trustees for the purpose of managing the estate and property of Pearl Boyd Baxter during her lifetime and for the further purpose of delivering so much thereof as remained at her death to the plaintiffs.

(c) That those defendants hereinabove named who filed answer (other than S. J. Boyd and his wife, Pearl Boyd, against whom Summary Judgment has been entered by and with their consent) do own a right, title and interest in and to the personalty and realty of Pearl Boyd Baxter, deceased, to the extent provided for each of them by the laws of descent and distribution in effect at the time of her death on January 29, 1969; that said defendants are entitled to have and receive that portion of said estate and property as provided by the said laws of descent and distribution in effect in North Carolina on January 29, 1969.

(d) That the plaintiffs are entitled to have and recover in equal shares that portion of the estate and property of Pearl Boyd Baxter, deceased, not awarded herein to those defendants against whom summary judgment has been entered and signed and not awarded to those defendants against whom default judgment has been entered and signed because of their failure to answer the Complaint or otherwise file pleadings herein.

(e) That the costs of this action, including reasonable attorneys' fees to the attorneys for the plaintiffs and the defendants, shall be taxed against the estate of Pearl Boyd Baxter, deceased; said attorneys' fees shall be assessed by the Court upon the completion of all appeals in this action, in such amount as to this Court seems proper.

(f) That the motion of the answering defendants for Summary Judgment is hereby granted.

(g) That the Motion for Summary Judgment filed by the plaintiffs as to the answering defendants under Rule 37(d), NCRCP, is denied at this time; however, if upon appeal it is held that the paper writing attached to the Complaint and marked 'EXHIBIT A' constitutes a trust instrument as alleged by the plaintiffs in the Complaint, this Court will thereafter enter a summary judgment against the answering defendants as prayed in motion heretofore filed by the plaintiffs."

Sixty-seven of the defendants, including the administrator of Mrs. Baxter's estate, failed to file answer, and did not appeal. The defendants, S. J. Boyd and wife, Pearl Boyd, did not appeal. Thirty defendants (herein referred to as "answering defendants") filed answer (according to the stipulations) and did appeal to the Court of Appeals.

To the signing and entering of the foregoing judgment, both plaintiffs and the answering defendants appealed to the Court of Appeals.

*Basil L. Whitener and Anne M. Lamm for plaintiff appellants.*

*Whitesides & Robinson by T. Lamar Robinson, Jr., for defendant appellants.*

MALLARD, Chief Judge.

### APPEAL OF PLAINTIFFS

Plaintiffs contend that the trial judge committed error in failing to find that "Exhibit A" created a trust and invested title to the personalty and realty of Pearl Boyd Baxter in the plaintiffs.

"Trusts are classified in two main divisions: express trusts and trusts by operation of law. The cardinal distinction between the two classes is that an express trust is based upon a direct declaration or expression of intention, usually embodied in a contract; whereas a trust by operation of law is raised by rule or presumption of law based on acts or conduct, rather than on direct expression of

intention. *Teachey v. Gurley,* 214 N.C. 288, 199 S.E. 83; 54 Am. Jur., Trusts, sections 186 and 187. See also 65 C.J., p. 220 *et seq.*" *Bowen v. Darden,* 241 N.C. 11, 84 S.E. 2d 289 (1954). See also *Pegram v. Tomrich Corp.,* 4 N.C. App. 413, 166 S.E. 2d 849 (1969).

We are concerned here with the question of whether "Exhibit A" created an express trust. We hold that it did not.

"The creation of a trust is a present disposition of property, and not an undertaking to make a disposition in the future." 1 Restatement of Trusts 2d, § 16, p. 58.

"In order to create an enforceable trust it is necessary that the donor or creator should part with his interest in the property to the trustee by an actual conveyance or transfer, and, where the creator has legal title, that such title should pass to the trustee." 89 C.J.S., Trusts, § 63, p. 837.

[1] "It is essential to the creation of an express trust that the settlor presently and unequivocally make a disposition of property by which he divests himself of the full legal and equitable ownership thereof." 54 Am. Jur., Trusts, § 34, p. 45.

" * * * An express trust has been defined as 'a fiduciary relationship with respect to property, subjecting the person by whom the property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it.' 1 Restatement Law of Trusts, 6. The term signifies the relationship resulting from the equitable ownership of property in one person entitling him to certain duties on the part of another person holding the legal title. 54 Am. Jur., 21. *To constitute this relationship there must be a transfer of the title by the donor or settlor for the benefit of another. Coon v. Stanley,* 230 Mo. App. 524. The gift must be executed rather than executory upon a contingency. *Cazallis v. Ingraham,* 119 Me., 240." (Emphasis added.) *Wescott v. Bank,* 227 N.C. 39, 40 S.E. 2d 461 (1946).

[2] "It is well settled in this State and others that to constitute a valid trust, undoubtedly three circumstances must concur— (1) sufficient words to raise it, (2) a definite subject, (3) and an ascertained object." *Thomas v. Clay,* 187 N.C. 778, 122 S.E.

852 (1924). See also *Trust Co. v. Taylor,* 255 N.C. 122, 120 S.E. 2d 588 (1961); *Finch v. Honeycutt,* 246 N.C. 91, 97 S.E. 2d 478 (1957); and *Starling v. Taylor,* 1 N.C. App. 287, 161 S.E. 2d 204 (1968).

In the case of *Callaham v. Newsom,* 251 N.C. 146, 110 S.E. 2d 802 (1959), the Supreme Court said:

> "When called upon to interpret a trust agreement or other contract, courts seek to ascertain the intent of the parties and, when ascertained, give effect thereto, unless forbidden by law. *In re Will of Stimpson,* 248 N.C. 262, 103 S.E. 2d 352; *DeBruhl v. Highway Com.,* 245 N.C. 139, 95 S.E. 2d 553; *Hall v. Wardwell,* 228 N.C. 562, 46 S.E. 2d 556; *Trust Co. v. Steele's Mills,* 225 N.C. 302, 34 S.E. 2d 425.
>
> The intent of one who creates a trust is to be determined by the language he chooses to convey his thoughts, the purpose he seeks to accomplish, and the situation of the several parties to or benefited by the trust. *Electric Co. v. Insurance Co.,* 229 N.C. 518, 50 S.E. 2d 295."

[3]   When "Exhibit A" is read in its entirety and the circumstances under which it was written are considered, it appears that there was no *present and unequivocal* transfer of property to trustees by Mrs. Baxter, and the language employed in the writing is insufficient to create a trust. Although some of the plaintiffs may have been requested to perform certain duties prior to the decedent's death, the overall testamentary character of the writing is apparent: There are numerous references by Mrs. Baxter to her impending death and of her desire to dispose of her property in light of that event. This intent is further demonstrated where it is stated, in a parenthetical way, on page three, the signature page, of "Exhibit A," "She also expressed a desire for me (Jessie Baxter, the draftsman) to write her will (pages 1 and 2). She said she had changed her mind about what she had said at one time she wanted."

[4]   It seems that Mrs. Baxter intended to and attempted to make a will, but failed to comply with the statutory provisions which grant and control the right to dispose of property by will. See Article 1 of Chapter 31 of the General Statutes and *Ridge v. Bright,* 244 N.C. 345, 93 S.E. 2d 607 (1956). An instrument which is testamentary in effect but does not follow

Baxter v. Jones

the prescribed formalities for the proper execution of a will is void. See Bogert, Trusts & Trustees, 2d Ed., § 102.

Moreover, it appears that the parties have stipulated that Mrs. Baxter died in Gaston County "on January 29, 1969, while a resident of said county, and owned property, both real and personal, in said county at the time of her death." It would seem that this stipulation, together with the admissions in paragraph 7 of the plaintiffs' complaint which reads, "(t)hat since the death of the said Pearl Boyd Baxter there has been no sale, distribution or disposition of the estate and property owned by her at the time of her death," negatives any concept of a transfer of title to all of Mrs. Baxter's property in her lifetime. The parties also admit that "Exhibit A" is not a will.

In the case before us, we hold that "Exhibit A" is neither a trust nor a will, and plaintiffs acquired no interest in the estate of Mrs. Baxter thereunder.

## APPEAL OF DEFENDANTS

[5] The answering defendants assign as error those parts of the "order and judgment" signed by Judge Thornburg and dated 17 September 1971, in which it was asserted that "this Court" (probably meaning a superior court at which he, Judge Thornburg, was the presiding judge) would enter a judgment allowing plaintiff's motion for summary judgment, if it were held on appeal that "Exhibit A" is a trust instrument. Although such a ruling is erroneous and is irregular, in this case it is not now prejudicial to the answering defendants because this court has affirmed Judge Thornburg's ruling that "Exhibit A" did not create a trust. But it should be noted that though a superior court judge is vested with great power, he does not have the power to deny a motion and also to allow it in the same judgment, or to bind another judge by such a premature anticipatory and conditional ruling. Moreover, under our system of rotation of superior court judges, the same judge may not be assigned to hold the superior courts of a given county when a case from that county is finally decided on appeal, and therefore it is improper for such judge to include in his judgment how he would rule on a hypothetical state of facts if presented to him at some future date.

The answering defendants also assign as error the signing and entering of those portions of the "order and judgment,"

dated 17 September 1971 and filed 23 September 1971, designated (a), (d) and (g), and the findings and conclusions of law upon which they were based.

On 10 September 1971, plaintiffs filed a motion under Rule 37(d) in which it was asserted that on 12 March 1971, plaintiffs, pursuant to Rule 33, served written interrogatories on the 30 answering defendants. However, this record shows that a notice and interrogatories dated 13 March 1971 were directed to only one of the defendants, to wit: "Effie Leah Murrell Jones and Henry M. Whitesides, Attorney of Record for said defendant." In their motion plaintiffs assert that fifteen of the answering defendants filed answer and fifteen failed to file answer to the interrogatories. However, on this record the only defendant to whom notice and interrogatories was addressed, Effie Leah Murrell Jones, did file an answer and the plaintiffs are not entitled to have their motion under Rule 37(d) allowed.

At the time they filed their motion under Rule 37(d), plaintiffs also filed a motion for judgment by default in which they alleged, among other things, that the summons and complaint in this cause had been duly served upon "the defendants named in said action and/or upon such of them as will fairly insure the adequate representation of all of them (Rule 23, NCRCP)." Although the plaintiffs did not allege in their complaint that the defendants constituted a class so numerous as to make it impracticable to bring them all before the court, they seem to have proceeded, in part, upon such theory, at least in this motion. It was held under old G.S. 1-70, the class action statute, which has now been superseded by Rule 23 of the Rules of Civil Procedure, that in order to bring a proceeding under this section of the statute, it was necessary to make such an allegation. The plaintiffs, in moving for judgment by default, contradict themselves in that they seem to treat this lawsuit as a class action in the first paragraph of the motion, and in the second paragraph thereof, state that although a number of the defendants filed answer to the complaint, plaintiffs are entitled to a judgment by default under Rule 55 of the Rules of Civil Procedure against the sixty-seven defendants who did not.

Judge Thornburg entered a "Judgment" by default dated 17 September 1971 and filed 23 September, against the sixty-seven defendants who did not file answer, as follows:

"Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DE-
CREED as follows:

    1. That as against the above-named defendants, the
plaintiffs, Jessie Baxter and Ellen B. Beam, are trustees
by virtue of the instrument attached to the Complaint
herein and marked 'Exhibit A', and that the said Jessie
Baxter and Ellen B. Beam and the other plaintiffs herein
are, as against the above-named defendants, the sole cestuis
que trustent under said instrument.

    2. That the plaintiffs in this action, as cestuis que
trustent under the instrument above-mentioned, are entitled
to have and recover of the above-named defendants such
share of the property and estate of Pearl Boyd Baxter, de-
ceased, as would otherwise accrue to said defendants as
heirs at law of the said Pearl Boyd Baxter, deceased."

[6, 7] There are contradictions in this "Judgment" by default
and the "Order and Judgment," both signed by Judge Thorn-
burg and both dated 17 September 1971, and filed 23 September
1971, in that in this "Judgment" by default, it was held that
"Exhibit A" was a valid trust instrument and that the plain-
tiffs take under it as against the sixty-seven defendants who did
not file answer, whereas in the "Order and Judgment," as to the
thirty answering defendants, the holding was that the instru-
ment did not create a trust. We hold that the instrument cannot
be a trust instrument against the defendants who failed to file
answer and, on the other hand, not a trust instrument against
the answering defendants. The fact that some of the defendants
failed to file answer, or may have failed to properly answer
interrogatories did not affect the validity or invalidity of the
instrument to be construed and did not operate as a conveyance
to the plaintiffs herein of the interest to which such defendants
were entitled under the Intestate Succession Act, Chapter 29,
North Carolina General Statutes, in the property owned by
Mrs. Baxter at the time of her death, nor can the failure of
the administrator to file answer, under these circumstances,
operate as a conveyance to the plaintiffs of the property to which
the administrator, as such, is entitled under the statutory laws
of North Carolina.

    The rule is stated in 22 Am. Jur., Declaratory Judgments,
§ 94, p. 959, as follows:

"The failure of a defendant who has been duly served to appear and answer a complaint seeking a declaratory judgment constitutes an admission of every material fact pleaded which is essential to the judgment sought, but the court must, nevertheless, proceed to construe such facts or instruments set out in the complaint and enter judgment thereon; *the default caused by the defendant's failure to appear and answer does not entitle the plaintiff to a judgment based on the pleader's conclusions.* The default admits only the allegations of the complaint and does not extend either expressly or by implication the scope of the determination sought by the plaintiff, or which could be granted by the court." (Emphasis added.)

The plaintiffs' purpose in bringing this action was to have the court construe "Exhibit A" and enter judgment upon the construction thereof. The failure of sixty-seven of the defendants to file answer in this declaratory judgment action, or the failure of some answering defendants to answer interrogatories, did not entitle the plaintiffs to a judgment based on their own conclusions and contentions. The proper construction of "Exhibit A" determined the rights of the plaintiffs. See *Hall v. Hartley,* 146 W.Va. 328, 119 S.E. 2d 759 (1961); and *St. Paul Mercury Ins. Co. v. Nationwide Mut. Ins. Co.,* 209 Va. 18, 161 S.E. 2d 694 (1968). See also *Machine Co. v. Newman,* 275 N.C. 189, 166 S.E. 2d 63 (1969).

We hold as follows:

1. "Exhibit A" is neither the last will and testament of Mrs. Baxter, deceased, nor a trust instrument creating a trust as to the property of Mrs. Baxter during her lifetime.

2. Jessie Baxter and Ellen Baxter Beam are not trustees of the property of Mrs. Baxter, and "Exhibit A" did not vest title to the personalty and realty of Mrs. Baxter in said persons as trustees for the purpose of managing the estate and property of Mrs. Baxter during her lifetime or for delivering any part thereof to the plaintiffs after her death. Inasmuch as "Exhibit A" did not create a trust, we are of the opinion and so hold that this summary judgment could not and did not convey any interest in the estate of Mrs. Pearl Baxter to the plaintiffs.

3. The summary judgment dated 16 September 1971, filed 16 September 1971, entered against S. J. Boyd and wife, Pearl

Boyd, did not convey to the plaintiffs the interest of S. J. Boyd and wife, Pearl Boyd, in the property owned by Mrs. Baxter at the time of her death.

4. The "Judgment" by default final dated 17 September 1971 and filed 23 September 1971, entered against the sixty-seven defendants who did not file answer to the complaint, including J. Ben Morrow, administrator of the estate of Mrs. Baxter, did not convey to the plaintiffs any interest in the property owned by Mrs. Baxter at the time of her death.

5. Those portions of the "Order and Judgment" of Judge Thornburg dated 17 September 1971 and filed 23 September 1971 reading as follows (together with the "findings of fact" and "conclusions of law" upon which they are based) are hereby declared to be null, void and of no effect and the same are hereby stricken therefrom:

> "(a)  * * * If, however, the ruling of this Court as to the validity of 'Exhibit A' attached to the Complaint as a trust instrument is reversed on appeal, then the said Motion of the plaintiffs is allowed and judgment to that effect will be entered at the conclusion of said appeals."

> "(d) That the plaintiffs are entitled to have and recover in equal shares that portion of the estate and property of Pearl Boyd Baxter, deceased, not awarded herein to those defendants against whom summary judgment has been entered and signed and not awarded to those defendants against whom default judgment has been entered and signed because of their failure to answer the Complaint or otherwise file pleadings herein."

> "(g) . . . (H)owever, if upon appeal it is held that the paper writing attached to the Complaint and marked 'EXHIBIT A' constitutes a trust instrument as alleged by the plaintiffs in the Complaint, this Court will thereafter enter a summary judgment against the answering defendants as prayed in motion heretofore filed by the plaintiffs."

As thus modified, the "Order and Judgment" of Judge Thornburg dated 17 September 1971 and filed 23 September 1971 is affirmed.

Modified and affirmed.

Judges MORRIS and PARKER concur.