ROSE Z. WEAVER KYLE v. JOHN H. GROCE & WILLIAM A. GROCE, JR., Co-ADMINISTRATORS OF THE ESTATE OF JAY GROCE, DECEASED; AND WILKES SAVINGS & LOAN ASSOCIATION

No. 8023DC513

(Filed 16 December 1980)

Trusts § 1.2— words written on savings account application — no trust created with right of survivorship

Where deceased opened a savings account and on the application form wrote, "Payable to Rose Z. Weaver, as survivor only," there was no trust created with right of survivorship, since there was no evidence of a transfer or assignment of a present beneficial interest but only the expression of a desire that plaintiff own the account at the death of the depositor.

APPEAL by plaintiff from *Osborne, Judge.* Judgment entered 22 April 1980 in District Court, WILKES County. Heard in the Court of Appeals 3 December 1980.

In this action, the plaintiff seeks to be declared the owner of a savings account established by Jay Groce, deceased, with Wilkes Savings and Loan Association. The defendants moved for summary judgment. The papers filed in regard to the motion for summary judgment revealed that an application by Jay Groce for a savings account to the savings and loan association contained the following statement in parenthesis under Mr. Groce's name on the signature

card: "Payable to Rose Z. Weaver, as survivor only." Plaintiff brought this action after the demise of Mr. Groce.

Judge Osborne granted the defendants' motion for summary judgment, and the plaintiff appealed.

*Max F. Ferree, by George G. Cunningham, for plaintiff appellant.*

*Moore and Willardson, by Larry S. Moore and Robert P. Laney, for defendant appellees.*

WEBB, Judge.

Plaintiff does not contend that this case is governed by G.S. 41-2.1 which deals with the right of survivorship in deposits created by written agreement. She does contend that there is a triable issue as to whether Jay Groce created a Totten or tentative trust for her. If Jay Groce created a trust for plaintiff with a right of survivorship, it would be by the phrase "Payable to Rose Z. Weaver, as survivor only" which appeared on the application card. We hold that this language does not meet the requirements in this state for the establishment of a trust with right of survivorship.

In *Westcott v. Bank,* 227 N.C. 39, 40 S.E. 2d 461 (1946), the deceased deposited money in a bank account with written instructions to the bank as follows: "I would like to make this an 'in trust for' account so I am the only person who can withdraw from it. In case I become deceased I would like to make an agreement with you so as to make my beneficiary my grandfather . . . eligible to receive the money . . . ." Our Supreme Court held that, since there was not evidence of a transfer or assignment of a present beneficial interest in the deposit, no trust was created. The fact that the depositor directed that his grandfather was to have the money at the death of the depositor was not enough to create a trust for the grandfather with a right of survivorship. We hold that *Wescott* controls the case sub judice. In this case there was no evidence of a transfer or assignment of a present beneficial interest but only the expression of a desire that the plaintiff own the account at the death of the depositor. This did not create a trust for plaintiff with a right of survivorship. *See also Ridge v. Bright,* 244 N.C. 345, 93 S.E. 2d 607 (1956) and *Baxter v. Jones,* 14 N.C. App. 296, 188 S.E. 2d 622, *cert. denied,* 281 N.C. 621, 190 S.E. 2d 465 (1972).

The language used on the application at its best is an attempt by Jay Groce to pass the savings account to the plaintiff at his death. It

does not comply with the requirements of a will. Chapter 31, Art. I of the North Carolina General Statutes.

Affirmed.

Judges MARTIN (Harry C.) and HILL concur.