JOHN BAKER v. JOHNNIE LEE COX, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF JAMES GRAHAM (REVEREND JAMES A. GRAHAM) AND FIRST AMERICAN FEDERAL SAVINGS AND LOAN ASSOCIATION

No. 858SC195

(Filed 15 October 1985)

**Trusts § 9— Totten trust—revocation by attorney in fact**

Judgment was correctly granted for defendant executor and attorney in fact in an action by a beneficiary to recover funds deposited in a tentative trust where the funds were withdrawn from the bank account by the attorney in fact before the death of the depositor. Tentative trusts in savings and loan associations created pursuant to G.S. 54B-130 may be revoked to the extent that funds are withdrawn by a holder of a general power of attorney before the death of the trustee of the trust account.

APPEAL by plaintiff from *Barefoot, Judge*. Judgment entered 25 October 1984 in Superior Court, LENOIR County. Heard in the Court of Appeals 25 September 1985.

Plaintiff, John Baker, sued to recover funds deposited by James Graham in defendant Savings and Loan Association under the savings account name of James Graham in Trust for Vance Roberson and John Baker. At the time he created the account, James Graham signed a "Discretionary Revocable Trust Agreement" with the Savings and Loan Association. On 27 August 1981, the $34,969.20 held in this account was withdrawn by defendant Johnnie Lee Cox acting under a power of attorney executed by James Graham. The power of attorney stated as follows:

[I] appoint my grandson, JOHNNIE LEE COX, of 609 E. Highland Avenue, Kinston, North Carolina my true and lawful attorney-in-fact for me and in my name and stead to carry on all of my business activities in as full and ample a manner as if done by me personally. By way of example, but not in limitation thereof, my said attorney-in-fact is authorized to draw checks on my checking account at Branch Banking & Trust Company or any other financial institution with which I do business, and is authorized to make deposits to said account of any checks payable to me including my Social Security or any other monies owed to me. My said attorney-in-fact is also authorized to pay any bills owed by me or collect any debts owed to me. . . . This power of attorney is executed

---

---

pursuant to the provisions of *N.C.G.S. 47-115.1*, and shall continue in effect notwithstanding any future incapacity or incompetence of the undersigned. . . .

On 10 September 1981 James Graham died. From judgment for the defendants, plaintiff appealed.

*Harrison and Heath, by Fred W. Harrison, for plaintiff, appellant.*

*Joretta Durant for defendant, appellee Johnnie Lee Cox.*

*Allen, Hooten & Hodges, P.A., by John M. Martin for defendant, appellee First American Federal Savings & Loan Association.*

HEDRICK, Chief Judge.

Plaintiff calls upon us to determine the validity of a tentative or "Totten" trust in North Carolina. In jurisdictions which recognized them, tentative trusts are created when a deposit is made by the depositor in his own name in trust for another. *See In re Totten*, 179 N.Y. 112, 71 N.E. 748 (1904). The parties to this action cite *Wescott v. Bank*, 227 N.C. 39, 40 S.E. 2d 461 (1946); *Ridge v. Bright*, 244 N.C. 345, 93 S.E. 2d 607 (1956); *Sinclair v. Travis*, 231 N.C. 345, 57 S.E. 2d 394 (1950); *Kyle v. Groce*, 50 N.C. App. 204, 272 S.E. 2d 609 (1980); *Baxter v. Jones*, 14 N.C. App. 296, 188 S.E. 2d 622, *cert. denied*, 281 N.C. 621, 190 S.E. 2d 465 (1972); *Williams v. Mullen*, 31 N.C. App. 41, 228 S.E. 2d 512 (1976); and *In re Totten*, 179 N.Y. 112, 71 N.E. 748 (1904) in discussing the validity of tentative trusts in North Carolina. Since 1 May 1981, the validity of tentative trusts in savings and loan associations has been controlled by N.C. Gen. Stat. Sec. 54B-130 which provides in pertinent part:

(a) If any one or more persons holding or opening a withdrawable account shall execute a written agreement with the association, providing for the account to be held in the name of such person or persons as trustee or trustees for one or more persons designated as beneficiaries, the account and any balance thereof shall be held as a trust account, and unless otherwise agreed upon between the trustees and the association:

(1) Any such trustee during his lifetime may change any designated beneficiaries by a written direction to the association; and

(2) Any such trustee may withdraw or receive payment in cash or check payable to his personal order, and such payment or withdrawal shall constitute a revocation of the agreement as to the amount withdrawn; and

(3) Upon the death of the surviving trustee, the person or persons designated as beneficiaries who are living at the death of the surviving trustee shall be the holder or holders of the account, as joint owners with right of survivorship if more than one, and payment by the association to the holder or any of them shall be a total discharge of the association's obligation as to the amount paid.

James Graham executed the required written agreement with the defendant Savings & Loan Association and, therefore, a valid tentative trust was created pursuant to N.C. Gen. Stat. Sec. 54B-130.

Plaintiff argues that the general power of attorney exercised by defendant Cox authorized Cox to transact the business of James Graham but not the business of James Graham trustee for the benefit of Baker and Roberson. Our research reveals no decision of our courts as to whether the holder of a general power of attorney may withdraw money from a tentative trust. However, the special nature of tentative trusts created pursuant to N.C. Gen. Stat. Sec. 54B-130 leads us to conclude that tentative trusts in savings and loan associations created pursuant to N.C. Gen. Stat. Sec. 54B-130 may be revoked to the extent that funds are withdrawn by a holder of a general power of attorney before the death of the trustee of the trust account.

The judgment appealed from is affirmed.

Affirmed.

Judges BECTON and PARKER concur.